eFiled in the Office of Clerk of Court, Orange County Florida  2011 Sep 01 11:20 AM  Lydia Gardner

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR ORANGE COUNTY
CIVIL DIVISION

PRINCESS WEATHERS,

        Plaintiff,

vs.                                 CASE NO.: _____

CHILI'S RESTUARANT aka
BRINKER INTERNATIONAL, INC.,
BRINKER INTERNATIONAL PAYROLL
COMPANY, L.P., BRINKER FLORIDA, INC.,
BRINKER RESTAURANT CORPORATION,
BRINKER SERVICES CORPORATION,

        Defendants.

_____/

## COMPLAINT

Plaintiff, PRINCESS WEATHERS, by and through her undersigned attorneys and sues the Defendants, CHILI'S RESTUARANT aka BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., BRINKER FLORIDA, INC., BRINKER RESTAURANT CORPORATION and BRINKER SERVICES CORPORATION, hereinafter referred to as "DEFENDANTS" and states:

1.     This is an action for damages which exceed Fifteen Thousand and 00/100ths Dollars ($15,000.00).

2.     Defendant, BRINKER INTERNATIONAL, INC., is a foreign corporation, licensed and authorized to conduct business in the State of Florida. At all material times, Defendant maintained an office in Orlando, Orange County, Florida.

3.     Defendant, BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., is a foreign corporation, licensed and authorized to conduct business in the State of Florida. At all

material times, Defendant maintained an office in Orlando, Orange County, Florida.

4.     Defendant, BRINKER FLORIDA, INC., is a foreign corporation, licensed and authorized to conduct business in the State of Florida. At all material times, Defendant maintained an office in Orlando, Orange County, Florida.

5.     Defendant, BRINKER RESTAURANT CORPORATION, is a foreign corporation, licensed and authorized to conduct business in the State of Florida. At all material times, Defendant maintained an office in Orlando, Orange County, Florida.

6.     Defendant, BRINKER SERVICES CORPORATION, is a foreign corporation, licensed and authorized to conduct business in the State of Florida. At all material times, Defendant maintained an office in Orlando, Orange County, Florida.

7.     Defendants are joint employers and/or a common enterprise.

8.     Defendants do business under the trade name Chili's.

## PARTIES

9.     Plaintiff is a resident of Highlands County, Florida.

10.     Defendants are corporations authorized and doing business in Orange County, Florida.

11.     Defendants are employers as defined by the laws under which this action is brought and employ the required number of employees.

## GENERAL ALLEGATIONS

12.     At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

13.     At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

2

14.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

15.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

16.     Plaintiff began her employment with Defendants on or about November 24, 2009 at the Chili's Restaurant in Polk County, Florida. On or about May 10, 2010 Plaintiff transferred to the Chili's Restaurant located at 7021 International Drive, Orlando, Florida in the position of Server.

17.     On or about November 18, 2010, Plaintiff was on her way to the front of the restaurant to check on her customers when the Chili's Kitchen Manager, Steven Mitchell, grabbed her by the arm, pulled her back and said to both her and her coworker Angel, "you and Angel be careful about going into the front of the house at the same time, I don't want the whites to know there's a lot of this working here", saying this while rubbing her arm. Mr. Mitchell then looked at Sammy, one of the managers who is dark skinned Puerto Rican and said "you stay back here too'.

18.     The incident was reported to the General Manager Tony.

19.     Two weeks later Tony called Plaintiff and Steve Mitchell to his office for a meeting at which time Steve admitted to what he said and apologized to Plaintiff.

20.     Plaintiff reported the incident to Penny Talbot, the Area Director. Penny said to Plaintiff "how could he be so stupid and admit to what he said". Ms. Talbot said it will be taken care of and that Plaintiff needed to just get over it.

21.     After reporting the incident to Penny Talbot, Mr. Mitchell began writing Plaintiff up, changing her schedule and reducing her hours. Plaintiff's schedule went from five shifts a

3

week to three shifts a week.

22.     On or about March 27, 2011, one of the white male servers was assigned to serve a particular table. The server did not want to serve the table because there were black people at the table.

23.     Plaintiff reported the incident to it to the General Manager, Craig Allen and was then escorted out of the building and sent home.

24.     Plaintiff returned to work on March 28, 2011 and was terminated.

**COUNT I**
**42 U.S.C. § 1981 DISCRIMINATION**

25.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 24.

26.     Plaintiff is African American.

27.     By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of 42 U.S.C. § 1981, for which Defendants are liable.

28.     Defendants knew, or should have known of the discrimination.

29.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the judgment against the Defendants and an award for the following damages against Defendants:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Punitive damages;

4

   f. For costs and attorney's fees;

   g. Injunctive relief;

   h. For any other relief this Court deems just and equitable.

**COUNT II**
**42 U.S.C. § 1981 RETALIATION**

30. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 24.

31. By the conduct described above, Defendants engaged in unlawful employment practices and retaliated against Plaintiff for opposing the unlawful discrimination in violation of 42 U.S.C. § 1981, for which Defendants are liable.

32. Defendants knew, or should have known of the retaliation.

33. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the judgment against the Defendants and an award for the following damages against Defendants:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive damages;

   f. For costs and attorney's fees;

   g. Injunctive relief;

   h. For any other relief this Court deems just and equitable.

Dated this 1st day of September 2011.

5

FLORIN ROEBIG, P.A.

/s/Wolfgang M. Florin
Wolfgang M. Florin
wmf@florinroebig.com
Florida Bar No.: 907804
Hunter A. Higdon
hhigdon@florinroebig.com
Florida Bar No.: 0085963
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff

6